BRUNET, SÁENZ & COMPAÑÍA, DEMANDANTE Y APELADA, v. DALMAU, DEMANDADO Y APELADO, E IRAOLA, TERCERISTA Y APELANTE.

No. 3164.—*Visto:* Febrero 29, 1924. *Resuelto:* Mayo 28, 1924.

TERCERÍA DE BIENES MUEBLES—PRUEBA CONTRADICTORIA SOBRE LA PROPIEDAD EMBARGADA.—Reclamó el tercerista apelante en este caso la propiedad del *truck* embargado por el acreedor, alegando que el deudor le había hecho dación del mismo en pago de precio aplazado. La corte inferior al apreciar la prueba contradictoria dió crédito a la del acreedor, según la cual, antes de embargarse el *truck*, el ahora tercerista admitió que no era dueño de éste, habiéndose probado además que el ahora tercerista dejó en poder del márshal una orden para segundo embargo a fin de cobrar su deuda. *Se resolvió:* que tal prueba era contradictoria y que no fué errónea su apreciación.

SENTENCIA de *G. Castejón,* J. (Guayama), a favor de la demandante y contra el tercerista, por la suma de $1,000 y los intereses y las costas, excluyendo honorarios de abogados. *Confirmada.*

*M. A. Martínez,* abogado del apelante; *J. S. Alegría,* abogado de la demandante apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Brunet, Sáenz & Compañía es la demandante y apelada en este caso. La expresada firma con el fin de cobrar una deuda, embargó un automóvil de carga, el cual según la manifestación del acreedor embargante pertenecía a Juan Dalmau, alegado deudor. Robustiano Iraola intervino como tercerista y alegó que el *truck* era suyo. En lo que respecta al acreedor y el tercerista la corte dictó sentencia en favor del primero.

El apelante tercerista prestó declaración tendente a establecer el hecho de que él había vendido un *truck* directamente al demandado Dalmau; que la licencia de dicho *truck* de carga quedó a nombre del sobrino de Iraola, o de Iraola mismo; que Dalmau no pagó todo el precio de venta sino que siguió debiendo a Iraola la suma de $2,000; que como Dalmau no podía pagar dicha deuda él verificó un contrato de dación en pago con Iraola de la propiedad.

La prueba presentada por el acreedor, por otra parte,

tendió a acreditar que antes de embargarse el indicado *truck* un representante de dicho acreedor, su abogado, y el márshal de la corte se presentaron donde Iraola quien negó ser el dueño de la propiedad, o según la manifestación de uno de los testigos, dijo que el título a la propiedad lo tenía Dalmau. Asimismo, según los testigos del acreedor Iraola manifestó que él encontró el *truck* en la calle, lo cogió y llevó a su casa para asegurar su deuda. También los testigos del acreedor dijeron que Dalmau al ser embargada la propiedad no manifestó como se declaró en el juicio que el *truck* había sido traspasado a Iraola, sino que pidió tiempo para poder llevar a cabo cierta transacción u otro ofrecimiento. Después que el acreedor había embargado el *truck*, actuando por consejo del abogado de dicho acreedor, Iraola a la vez dejó en poder del márshal una orden de embargo para cobrar su deuda. La corte de distrito resolvió este conflicto de prueba en favor del acreedor y nos sentimos obligados a *confirmar la sentencia.*